## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 07-13 (JR)** |
| | : | |
| **v.** | : | |
| | : | **FILED UNDER SEAL** |
| **FRANCIS PEREZ,** | : | |
| **Defendant.** | : | |
| | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing. For the reasons set forth herein, the government respectfully recommends that the Court sentence the defendant within the Guidelines range calculated in the Pre-Sentence Report.

### I.    BACKGROUND

In 2006, a confidential informant ("CI") agreed to assist law enforcement investigating drug trafficking in the District of Columbia. The CI said he knew of individuals selling large quantities of cocaine in the Northwest quadrant of the city. In early July of 2006, under the supervision of the Metropolitan Police Department's Major Narcotics Branch ("MNB"), the CI made contact with the defendant, Francis Perez.[1] They discussed the defendant selling the CI a quantity of cocaine hydrochloride. MNB officers, who utilized other CIs, had previous information that the defendant was selling large quantities of cocaine hydrochloride. Furthermore, MNB officers, through the use of CIs, had made drug purchases from the defendant in the past. Most of the drug transactions occurred either at or inside the defendant's residence at XXXX XXXX XXXXXXX XXXX, N.W.,

---

[1]    On January 22, 2007, the charges against Baez were dismissed.

XXX. X-X, Washington, D.C.

In September of 2006, the defendant agreed to sell the CI one kilogram of cocaine hydrochloride for $25,000.  On September 15, 2006, MNB officers prepared a search warrant, and on September 16, 2006, received judicial approval to execute a search warrant at XXXX XXXX XXXXXXX XXXX, N.W. XXX. X-X, Washington, D.C.

At approximately 9:00 p.m. on September 16, 2006, the CI met the defendant in front of XXXX XXXX XXXXXXX XXXX, N.W., and discussed the drug transaction.  For some unknown reason the defendant decided that he did not want to complete the drug transaction, and returned to his apartment.  MNB officers executed the search warrant at this time.

Upon arrival, MNB officers knocked, announced their police presence, and requested the door be opened, but there was no response.  MNB officers could hear movement inside the apartment.  MNB officers forcibly opened the front door to the defendant's apartment and entered. MNB officers immediately observed the defendant at the kitchen sink of the one-bedroom apartment pouring a large bag of cocaine down the sink drain while the water was running.  MNB officers moved the defendant from the sink and shut the faucet off.   Recovered from the sink was approximately 80 grams of cocaine hydrochloride.  MNB officers then searched the apartment.

Located in the bedroom was the defendant's common-law wife, former co-defendant Ramona Baez.  MNB officers searched the bedroom closet and found plastic bags containing approximately 713.5 grams of cocaine hydrochloride.  Located on top of one of the night stands was $3,460 in U.S. Currency.

MNB officers found three dinner plates on top of the kitchen cabinets containing approximately 1292.5 grams of cocaine hydrochloride.  A silver digital scale was on the kitchen

2

counter.  MNB officers found $327 in U.S. Currency in the defendant's pants pocket.  Both the defendant and Ms. Baez were placed under arrest.

At police headquarters, the defendant waived his constitutional rights and told MNB officers he was going to sell the cocaine hydrochloride found inside his apartment.  The cocaine was sent to the DEA Mid-Atlantic Laboratory and analyzed.  The cocaine hydrochloride weighed 2006 grams.  Of this amount, 1292.5 grams were 21% pure and 713.5 grams were 78% pure.

On January 19, 2007, the defendant entered into a cooperation agreement with the government and pled guilty to an information charging him with Unlawful Possession With Intent to Distribute 500 Grams or more of Cocaine, in violation of 21 U.S.C. Sections 841(a)(1) and 8441(b)(1)(B)(iii), and Unlawful Destruction, Alteration, or Concealment of Records or Tangible Objects in Federal Investigations, in violation of 18 U.S.C. Section 1519.

The defendant was released from the District of Columbia Central Detention Facility on January 20, 2007.  Within one week of the defendant's release, he contacted an MNB CI and offered to sell the CI a quantity of cocaine.  The defendant told the CI he needed to sell the cocaine so he could have money to purchase more cocaine in New York.  The CI contacted MNB.  Under the supervision of MNB, the CI agreed to purchase 80 grams of cocaine hydrochloride for $1,300 from defendant.

On February 8, 2007, at approximately 6:00 p.m., the defendant met the CI at 14th Street and Fort Stevens Road, N.W., Washington, D.C., to exchange the 80 grams of cocaine hydrochloride for $1,300.  In the midst of the drug transaction, the defendant was arrested by MNB officers.  The cocaine hydrochloride field-tested positive for cocaine.

On or about February 9, 2007, the defendant was presented before a D.C. Superior Court

judge for initial arraignment. For some unknown reason, the Assistant United States Attorney handling the case no papered the case, and the defendant was released. On March 1, 2007, this Court revoked the defendant's conditions of release, ordered the defendant held without bond, and issued a warrant for the defendant's arrest. The defendant remained at large until August 14, 2007, when he was arrested by the United States Marshal Service.

## II.    SENTENCING CALCULATION

### A.    Statutory Maximum

The defendant pled guilty to a two-count information charging him Unlawful Possession With Intent to Distribute 500 Grams or more of Cocaine and Unlawful Destruction, Alteration, or Concealment of Records or Tangible Objects in Federal Investigations. The maximum sentence for Unlawful Possession With Intent to Distribute 500 Grams or more of Cocaine is forty years imprisonment, supervised release of between four and five years, and a fine in the amount of $2,000,000; and the maximum sentence for Unlawful Destruction, Alteration, or Concealment of Records or Tangible Objects in Federal Investigations is up to 20 years imprisonment.

### B.    Guidelines Calculation

The government and the defendant agree with the Guidelines calculations utilized in the Pre-Sentence Report ("PSR"), which correctly calculated the defendant's total offense level at 28. See PSR ¶ 20. The PSR also correctly calculated the defendant's criminal history as Category I. See PSR ¶ 23. Therefore, the guideline range for the defendant is correctly calculated in the PSR as 78 to 97 months of imprisonment, with a mandatory minimum sentence of 60 months of imprisonment. See PSR ¶ 46-47. For the reasons set forth below, the government respectfully recommends that the Court sentence the defendant to 97 months of imprisonment.

III.         **SENTENCING RECOMMENDATION**.

In determining the appropriate sentence, the Court "shall consider . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. Section 3553(a)(2)(A). In this case, the defendant has shown a pattern of selling illegal narcotics. Given an opportunity to show this Court that he would abide by the Court's conditions of release and show he is amenable to rehabilitation, he failed miserably. Within one week of his release, t he defendant agreed to sell more cocaine. The defendant had a total disregard for society's norms, his obligations to the Court and the terms of the plea agreement he signed.

Furthermore, due to an oversight by the undersigned's office, the defendant was mistakenly released. Thereafter, the defendant, with full knowledge of scheduled court appearances before Magistrate Judge Kay and this Court, intentionally failed to appear. After bench warrants were issued for the defendant's arrest, he avoided law enforcement, who were aggressively searching for him in both New York and the metropolitan D.C. area. The defendant committed an additional drug trafficking offense, completely disregarded his obligations with the Court, and gave the Court a clear window into his inability to be rehabilitated.

In applying the parameters of 18 U.S.C. Section 3553(a)(2)(A), it is clear that the defendant's conduct warrants the high-end of the Guidelines range. One week after the defendant was released on personal recognizance he agreed to sell an additional quantity of cocaine so he could then go to New York to buy a larger quantity of cocaine. The defendant also avoided law enforcement for over eight months, both circumstances justify a sentence of 97 months imprisonment. A sentence of 97 months imprisonment reflects the severity of the offense, will promote respect for the law, provide

just punishment for the offense, afford adequate deterrence, and will protect the community from further criminal conduct of the defendant.

Accordingly, the government respectfully requests that the Court sentence the defendant to a term of imprisonment of 97 months.

IV.    **CONCLUSION**

Wherefore, the government respectfully requests that the Court sentence the defendant to a term of incarceration of 97 months.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


_____
ANTHONY SCARPELLI
Assistant United States Attorney
D.C. Bar No. 474711
555 4th Street, N.W.
Washington, D.C. 20530


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing motion was caused to be served upon the attorney for the defendant, Ron Earnest, Esquire, this 3rd day of January, 2008.

_____
Anthony Scarpelli
Assistant United States Attorney