UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 1 5 2008

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES OF AMERICA

v.

FRANCIS PEREZ

CR07-013-JR

UNDER SEAL

## MEMORANDUM IN AID OF SENTENCING

Defendant Francis Perez, through undersigned counsel, respectfully submits the following memorandum in aid of sentencing. Mr. Perez respectfully requests to be sentenced to 60 months imprisonment and a period of supervised release. He is unable to pay a fine. Mr. Perez bases this request on his understanding of the minimum sentence allowed by statute for the offense of his conviction and the Court's promise to impose a sentence no greater than 60 months made when he pleaded guilty before the Court on June 19th, 2007. This sentencing request is only 18 months below the lower end of the guideline recommended sentence as calculated by the Division of Parole and Probation, and is sufficient to "comply with the purposes set forth" in §3553(a)(2)(A-D). 18 U.S.C. §3553(a). Mr. Perez is a first-time offender whose crime was nonviolent, he promptly agreed to plead guilty and entered into a cooperation agreement with the Government. Without laying blame on others, Mr. Perez failed to fully understand his obligations under the agreement that he signed. Had he entered into a more modest agreement; with a simple

1

confession of his own conduct and a debriefing, he would be contemplating a guideline recommended sentence of between 42 and 57 months. He understands, through new counsel, that a sentence below 60 months is impossible as a matter of law.

This is a case where the defendant hoped to receive a substantially reduced sentence as a reward for cooperating with the Government. Because of his own misconduct he will not receive the benefit of a Government 5K1.1 letter, nor does he claim eligibility for the 'safety valve' exception to the statutory minimum. The defendant understands that the Government has been relieved of any of its obligations under the plea agreement. Nonetheless; because he did promptly plead guilty in this case, saving the Government and the Courts the expense of a jury trial, the defendant urges the Court to impose a sentence which is the minimum sentence the statute allows, but also the maximum the Court said it would impose for these charges at the Rule 11 Hearing held on January 19th, 2007.

## Case Background

On January 19th, 2007, assisted by his attorney John Anthony Briley, Jr., and by a court interpreter, Mr. Francis Perez entered a plea of guilty to counts one and two of the indictment pending against him. The Rule 11 hearing was sealed at the request of the defendant and the Court reviewed with Mr. Perez his rights, including the right to plead not guilty and elect a jury trial, the consequences of pleading guilty, including a statutory maximum penalty of 40 years imprisonment and other penalties. Although the defendant is Spanish-speaking and has only a 6th grade education, the written plea agreement was never translated for his benefit. The plea agreement itself consists of 13 pages of execrable prose or, as the Court put it "written by lawyers; it's hard even for English-speaking people to understand it." But the Court also asked,

"Have you been over this carefully with your lawyer?" and the defendant replied in the affirmative. The defendant does not dispute that he reviewed the plea agreement with aid of an interpreter on more that one occasion. He conceded that he understood at least the important parts of the agreement. Tr. 5. The Court went on in the hearing to explain with clarity and patience the rights the defendant was giving up and the consequences of pleading guilty to the charges. When the Court asked the defendant if he understood that the maximum term of imprisonment for the offense charged was 40 years, the defendant replied in the negative. The Court then assured the defendant that, at the risk of incurring the displeasure of the Court of Appeals, he would not sentence the defendant to more than 60 months. Tr. 14.

## Consequences of the Defendant Breach

As the result of the defendant's breach of his plea agreement with the Government, the defendant now faces the prospect of serving 60 months without parole and a period of supervised release. The Government has been relieved of its obligation to dismiss pending charges against the defendant. His future has become uncertain. The defendant deeply regrets his conduct. He admits that he acted without taking the measure of his obligations under the agreement. His lack of education and maturity were factors in his conduct. He has offered, through counsel, to cooperate with the Government again, and has disavowed any loyalty toward his former confederates. Defendant and counsel intend to explore opportunities to cooperate as permitted by Rule 35 of the Rules of Criminal Procedure

.
## Conclusion

The defendant respectfully submits that 60 months imprisonment without parole and the possibility of being prosecuted for a pending offense, are sufficient punishment given the

3

nonviolent nature of the offense and the lack of criminal history of the defendant.

Respectfully submitted,

/s/

Ron Earnest, #477305
8121 Georgia Ave., Ste. 406
Silver Spring, MD 20910
Phone 240-401-5277